### JOHNSON v. BAILEY et al.

#### (Circuit Court, W. D. Wisconsin. February 5, 1894.)

NONSUIT—RIGHT TO—DISCRETION OF COURT.

After the trial is actually begun, the plaintiff has no absolute right to take a nonsuit, and the same lies in the liberal discretion of the court, but will be denied when plaintiff gets all his own evidence in, and is not surprised by defendant's evidence.

At Law. Action by Frank J. Johnson against D. R. Bailey and John M. Bartlett to recover damages for personal injuries. On motion for a new trial. Denied.

W. F. McNally, for plaintiff.

Hayden & Start, for defendants.

BUNN, District Judge. This action was brought to recover damages for a personal injury to the plaintiff, sustained as the result of an accident happening on October 7, 1875, when the plaintiff was less than five years of age, by means of which the plaintiff lost a foot by getting it into the joint or knuckles of a tumbling rod running underground between two mills, or a mill and a power house, upon the defendants' premises. The action came on to trial in January of the present term, and was tried by a jury, and a verdict returned in favor of the defendants. After the plaintiff had introduced his evidence, he being a witness in his own behalf, and had rested his case, and the defendants had introduced a portion of their testimony, plaintiff's counsel asked leave to submit to a nonsuit. This being objected to, and no surprise or good reason being shown for it, and the court conceiving it to be in its discretion either to allow or refuse a nonsuit on the plaintiff's motion, denied the application. The plaintiff's counsel thereupon, without excepting to the ruling of the court, abandoned the plaintiff's case,

whereupon the defendants proceeded with the trial, and the jury found a verdict in their favor.

This motion is made to set aside the verdict, and for a new trial, on the ground that it was not in the discretion of the court to deny a motion for a nonsuit made by the plaintiff at any time before verdict rendered, but that the plaintiff's right to submit to a nonsuit is absolute.

That was no doubt the rule of the early common law, and is still the rule in some of the states. But I think the more reasonable rule is that the right is absolute only before the trial is begun, and that after that the granting of a nonsuit lies in the discretion of the court. Of course, that discretion should be liberally exercised, and where the plaintiff is disappointed about getting his evidence, or is surprised by unexpected evidence on the part of the defendant, the court would generally allow a nonsuit. But where the plaintiff has all his evidence in, and is not surprised by any evidence introduced by the defendant, it would not seem to be an equitable rule to allow the nonsuit as a matter of right, because it puts the parties upon an uneven footing, and gives the plaintiff a privilege that is not allowed to the defendant. Such a rule would place the case, after being tried upon the merits, and when the court and jury are in possession of all the means essential to a just and complete determination of the issue, entirely beyond the power and control of the defendant, and of the court as well. A plaintiff could experiment with his case at liberty, and the court would be powerless to bring litigation to an end. He could try the case, and submit it to the jury, with all his evidence in, and then, after the jury had retired to consider of their verdict, if they should remain out a little longer than the plaintiff should expect they ought before agreeing in the plaintiff's favor, and so fearing a disagreement, which is always unfavorable to the plaintiff, he could take a nonsuit, and the court would be compelled to discharge the jury, and the plaintiff could begin his case over again, and so ad libitum. Such a rule would seem to give to the plaintiff an unfair advantage, and put it in the reach of a rich and powerful litigant to oppress a defendant to any extent, as it is well known how far the payment of the taxable costs would fall short of compensating a defendant who might reside in a distant state for all the actual trouble and expense of a protracted trial.

These and other like considerations have led to a modification of the ancient rule of the common law which allowed a nonsuit as a matter of right any time before verdict recorded, or even after verdict and before judgment, by substituting one of a more even-handed justice, which is that at any time before the trial is opened to the jury, or to the court if tried without a jury, the plaintiff may become nonsuit as a matter of right; and that, after that, and before verdict, leave to become nonsuit is within the discretion of the court; and that, after verdict, there can be no nonsuit. This rule places the parties upon a more equal footing, and brings the case more under the control of the court. This is the rule adopted by the supreme courts of several states, notably Maine, Massachusetts,

and New Hampshire, and, so far as I know, is the one adopted by the United States circuit courts. In Haskell v. Whitney, 12 Mass. 47, Jackson, J., in pronouncing the opinion of the court, says:

"The plaintiff or demandant may, in various modes, become nonsuit, or discontinue his suit, at his pleasure. At the beginning of every term at which he is demandable he may neglect or refuse to appear. If the pleadings are not closed, he may refuse to reply, or to join an issue tendered; or, after issue joined, he may decline to open his cause to the jury. The court may, upon sufficient cause shown, allow him to discontinue, even when it cannot be claimed as a right; as, after the cause is opened, and the evidence submitted to the jury."

So in Locke v. Wood, 16 Mass. 317, the court were of opinion "that there was no such right," and that, after a cause is opened to the jury, and begun to be proceeded in before them, the parties are entitled to a verdict, unless the court should, in its discretion, allow a nonsuit or discontinuance. The justice of these early decisions was recognized and affirmed in Means v. Welles, 12 Metc. (Mass.) 361. And in City of Lowell v. Merrimack Manuf'g Co., 11 Gray, 382, the court say: "A party may become nonsuit before going to a jury." And in Shaw v. Boland, 15 Gray, 572, the same doctrine is again affirmed, and the court say:

"And this law seems to us eminently just. As a nonsuit is no bar to another suit for the same cause of action, a plaintiff might harass a defendant by unlimited litigation, if the court had no authority, in any case, to prevent a nonsuit."

In a case still later, in the same court, Chief Justice Gray, now of the United States supreme court, affirms the doctrine that a plaintiff has the right to become nonsuit at any time before trial; but after the trial has begun he cannot become nonsuit, except by leave and at the discretion of the court. Inhabitants of Truro v. Atkins, 122 Mass. 418; Burbank v. Woodward, 124 Mass. 358. In Judge of Probate v. Abbot, 13 N. H. 21, Chief Justice Parker lays down the rule as follows:

"At any time before the plaintiff opens his case to the jury he may become nonsuit as a matter of right. The entry of his action does not oblige him to proceed with it. Even if issue be joined, this does not entitle the defendant to a verdict, if the plaintiff elect to abandon his action. After the plaintiff has proceeded to open his case to the jury he can no longer become nonsuit as a matter of right. * * * But the court, in the exercise of its discretion, may permit him to become nonsuit at any time before the return of the verdict, and ordinarily does so, if it appears that no injustice will thereby be done to the adverse party."

The same doctrine is affirmed also in Massachusetts as late as 1883 in Leavitt v. Leavitt, 135 Mass. 191. The same rule is adhered to in Wright v. Bartlett, 45 N. H. 290. In that case the court, by Nesmith, J., say:

"It may be assumed to be now the general practice in the courts of law in this country that a plaintiff may, at his own pleasure, or by right, either discontinue his suit or become nonsuit at any time before his cause is opened to the jury;" citing Co. Litt. 138, 139; Seld. Pr. 384, 386; Com. Dig. tit. "Pleader," W 5; Caverly v. Jones, 23 N. H. 573; Bailey v. Kimball, 26 N. H. 351; Keithley v. May, 29 Mo. 220, and other cases.

The supreme court of Maine, in 1885, reviews the authorities on this question, and comes to the same conclusion. See Washburn v. Allen, 77 Me. 344.

The question was before the United States court for Massachusetts in the case of Folger v. The Robert G. Shaw, 2 Woodb. & M. 531, 26 Myers, Fed. Dec. 355, and the like conclusion reached. After reviewing the cases, the court, by Woodbury, J., says:

"I think, however, the readiness for trial, the call of the case, the expiration of the notice, and the introduction of any pertinent evidence is, as before intimated, the true punctum temporis when the right of the plaintiff to become nonsuit ceases and that of the defendant begins for a final judgment, because then the parties have agreed in court that final proceedings shall be had; then there is a presumed readiness for them; then they have begun, and means are before the court to settle the merits. Both parties then stand on an equality. Neither is taken at disadvantage then by requiring judgment on the merits, unless special and good cause be assigned to the court for leave to become nonsuit. And then, so far as regards the defendant, a nonsuit by the plaintiff, at pleasure, is more vexatious, as then the mere costs are usually inadequate remuneration for the expense of another preparation; and a decision on the merits, if desired by the defendant, is practicable in most cases without being subject to another action and preparation."

In speaking of the old common-law practice, the court say:

"Formerly a nonsuit used to be common during the trial and before verdict. Steph. Pl. 130, 313; 3 Bl. Comm. 376. Once it could be even after verdict, if the court took time to consider on the case. Id.; 1 Co. Inst. 139 [c]. The test as to the time, then, was before a final judgment; and the plaintiff might be nonsuit even after a verdict. if he did not like the amount of damages given by the jury. Keat v. Barker, 5 Mod. 208; Co. Litt. 139b."

"But," says the court, "this practice held out too great an encouragement to repeated and vexatious suits, and gave an advantage to a plaintiff which the defendant did not enjoy of a prolonged litigation, and new and various experiments and trials. In the hands of wealth and power, exercised against moderate means, it would be likely in time to break down any antagonist. Consequently, now it is forbidden by statute in England in such cases. 2 Hen. IV. c. 7; Bac. Abr. tit. 'Nonsuit,' D."

The United States circuit court for the ninth circuit has followed the same rule. In U. S. v. Humason, 8 Fed. 71, the court, by Deady, J., say:

"By section 243 of the Oregon Code a nonsuit cannot be granted on a motion of the plaintiff only, before trial or afterwards, without the consent of the defendant; and the later and better rule of the common law is to the same effect. Whenever the trial has commenced, the right of the plaintiff to become nonsuit, and vex and harass the defendant with another action for the same cause, is gone."

This court is entirely satisfied with the rule and reasoning of these decisions as being much more conducive to justice than the former ruling in England and in some of the states.

As long as it lies in the discretion of the court, if there has been any lack of evidence in the plaintiff's case which he might supply on another trial, or if he is surprised by unexpected evidence produced by the defendant, to allow a nonsuit or the withdrawal of a juror, it seems little short of a perversion of justice, without any good cause shown, to hold that the plaintiff shall, at any time before verdict rendered, and when the court is in possession of the means for a just and final determination upon the merits, have the

absolute power, at his own pleasure, and without showing any cause, of discontinuing his action with the right to bring a new suit for the same cause.

The motion for a new trial is overruled.