(No. 23282.—

EDWARD PTACEK, Appellee, *vs.* H. J. COLEMAN *et al.* Appellants.

*Opinion filed December 10, 1936.*

HARRY A. BIOSSAT, for appellants.

RUDOLPH B. SALMON, (HIRAM T. GILBERT, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Edward Ptacek brought an action in the municipal court of Chicago against H. J. Coleman, H. J. Clark and M. J. Moran to recover $5779.37 under a re-purchase agreement. Issues were joined by Coleman and Clark. The cause was heard upon a stipulation of facts and argued by counsel. After a continuance plaintiff orally moved the court for a non-suit. Defendants objected for the reason that the cause had been heard and submitted for decision and because no special motion had been filed setting up the grounds for the dismissal, supported by affidavit. The objection was overruled and a non-suit was entered at plaintiff's cost. Upon an appeal by Coleman and Clark to the Appellate Court for the First District the judgment of the trial court was affirmed. They bring the cause here by leave to appeal.

The only question for our consideration is whether the right to voluntarily dismiss an action in the municipal court is governed by section 52 of the Civil Practice act or by the rules prescribed by the municipal court pursuant to the provisions of the Municipal Court act of 1905. Rule 122 of the municipal court provides for the voluntary discontinuance of an action by notice in writing or in open court,

before, at or after the hearing or trial, upon such terms as to costs and as to any other action as may be just. Section 52 of the Civil Practice act (State Bar Stat. 1935, chap. 110, par. 180; 110 S. H. A. 176;) provides that the plaintiff may dismiss his action before the trial or hearing begins, upon notice to the defendant and payment of costs, and that thereafter he may dismiss only upon stipulation, or upon the order of the court or judge made on special motion, in which the ground for dismissal shall be set forth and which shall be supported by affidavit.

The parties agree that the provisions of section 52 of the Civil Practice act were not complied with, and that if that section applies to actions in the municipal court the non-suit was improperly entered. Appellants claim that those sections of the Municipal Court act under which the rule was adopted were repealed by the Civil Practice act, and that section 52 governs voluntary non-suits in a municipal court as well as in all other courts of record. Appellee claims that the Civil Practice act does not affect the provisions of the Municipal Court act giving that court the right to prescribe the practice therein. A determination of that issue necessitates a consideration of the terms of section 34 of article 4 of the constitution, the applicable provisions of the two acts and the history of the legislation upon the subject.

Section 34 of article 4 of the constitution was adopted by way of amendment in 1904. It provides that the General Assembly shall have power, subject to the conditions and limitations therein contained, to pass any law (local, special or general,) providing a scheme or charter of local municipal government for the city of Chicago; that in case a municipal court shall be created, its jurisdiction and practice shall be such as the General Assembly shall prescribe; that the General Assembly may pass all laws which it may deem requisite to effectually provide a complete system of local government for the city, and that no law based upon

that amendment, nor any local or special law based thereon affecting specially any part of the city, shall take effect until ratified by referendum. The municipal court was thereafter established. Thirty sections of the Municipal Court act relate to practice. Section 19 provides: "That until otherwise determined in the manner hereinafter provided, and except as by this act is otherwise prescribed, the practice in the municipal court shall be the same, as near as may be, as that which may from time to time be prescribed by law for similar suits or proceedings in circuit courts. * * * Said municipal court shall be the sole judge of the applicability to the proceedings of said court of the rules of practice prescribed by law for similar cases in the circuit courts and its decisions in respect thereto shall not be subject to review upon appeal or writ of error." Section 20 as amended in 1931 provides: "That the judges of said municipal court shall have the power to adopt, in addition to or in lieu of the provisions herein contained prescribing the practice in said municipal court, or of any portion or portions of said provisions, such rules regulating the practice in said court as they may deem necessary or expedient for the proper administration of justice in said court. * * * Amendments and changes of said rules may be made from time to time by like orders." Prior to the amendment of 1931 section 20 carried the proviso that no such rule should be inconsistent with those expressly provided for by the act, and that the Supreme Court might, in its discretion, substitute other rules and make any order respecting the rules as it deemed proper.

Section 1 of the Civil Practice act is as follows: "The provisions of this act shall apply to all civil proceedings, both at law and in equity, unless their application is otherwise herein expressly limited, in courts of record, except in attachment, ejectment, * * * or other actions in which the procedure is regulated by special statute." Subsection 2 of section 31 provides: "Proceedings in attach-

ment, ejectment, * * * or other actions in which the procedure is regulated by special statutes, shall be in accordance with the statutes dealing therewith." Rule 2 of this court provides that in the actions referred to by those sections of the Civil Practice act the separate statutes shall control to the extent to which they regulate procedure in such actions, but the Civil Practice act shall apply to matters of procedure not so regulated by separate statutes.

The Civil Practice act was not submitted to any referendum. It is apparent that if it supplants the practice provisions of the Municipal Court act it must be by way of amendment, express or implied. The Municipal Court act is local and special, and any act amending it is necessarily local and special. Both the original and the amendatory acts are based upon the constitutional amendment, because without it no special law regulating the municipal court could be passed. Therefore no amendment of the Municipal Court act can take effect without a ratification by referendum. The rule that a special act may be repealed by implication by a later general act has no application where the constitution prohibits any amendment except through a referendum and where the effect of such repeal is to amend the special act by substituting the provisions of the general act, otherwise the constitutional provision could be nullified. The constitutional requirement for the consent of the legal voters does not depend upon whether the law is general or special. It is applicable to any law, general, local or special, based upon the amendment and which affects the municipal government of the city of Chicago. *People* v. *City of Chicago,* 310 Ill. 534.

In *David* v. *Commercial Mutual Accident Co.* 243 Ill. 43, in speaking of the general rule that a later statute operates as a repeal of a former inconsistent act, it is said that under that rule it might well be held that section 100 of the Practice act repeals section 22 of the Municipal Court act in so far as they are inconsistent. In that case the ques-

tion of practice in the municipal court was not at issue but related to practice in the Appellate Court upon an appeal from the municipal court, and we held that under the constitutional amendment of 1904 the power to provide special procedure for the municipal court does not extend to practice and procedure in other courts. The expression referred to was not necessary to a decision of the issue in that case and is not to be regarded as holding that laws regulating the practice in the municipal court may be amended by general or special acts without a referendum. The obvious purpose, as specifically expressed in the constitutional amendment, was to provide for special or local as well as general legislation for a local municipal government, unaffected by the provisions of section 29 of article 6, which requires all laws relating to courts to be general and of uniform operation. It is axiomatic that constitutional provisions may not be abrogated by the legislature nor in any other way than by changing the constitution itself.

The Municipal Court act is a special law; the Civil Practice act is general. The latter act expressly repeals the Practice act of 1907, the act of 1913 relating to suits and proceedings against receivers, certain sections of the Chanery act, the Circuit and Superior Court act, the Supreme Court act, the Appellate Court act, the Abatement act, the Injunction act, and all other acts and parts of acts inconsistent with the new legislation.

We have repeatedly held that a subsequent general law does not abrogate or repeal a former special act intended to operate upon a particular subject, and that if the later statute does not contain negative words it will not repeal the particular provisions of the special law upon the same subject unless it is impossible that both should be enforced. (*Village of Ridgway* v. *Gallatin County,* 181 Ill. 521; *Trausch* v. *County of Cook,* 147 id. 534.) Where the legislature has given its attention to a particular subject and provided for it, it is to be presumed that it did not intend

to alter the special provision by a subsequent general law unless that intention is manifested in express language, or there is something which shows the attention of the legislature was turned to the special act and that the general law was intended to embrace the special cases within it, or there is something in the nature of the general act which makes it unlikely that an exception was intended regarding the special act. (*McCormick* v. *People,* 139 Ill. 499; *City of East St. Louis* v. *Maxwell,* 99 id. 439.) No good reason can be urged why the practice provisions of the Municipal Court act cannot be enforced in that court, leaving the provisions of the Civil Practice act to be enforced in all other courts of record. It does not appear from anything in the Civil Practice act that the attention of the legislature was directed to the Municipal Court act, with the intention to embrace its practice provisions in the general act. On the contrary, the failure to mention those provisions while specifically repealing numerous provisions of several other particular acts tends to show an intention to leave the practice provisions of the Municipal Court act in force.

Another circumstance indicating that the Civil Practice act was not intended to repeal or modify the practice provisions of the Municipal Court act is found in the provisions of the two acts for service of process. By the Municipal Court act the bailiff of that court is an elected officer, with a term of six years. His powers, duties and liabilities with respect to process of that court, until otherwise provided by rules adopted under the provisions of the act, are the same, as nearly as may be, as those of sheriffs in the circuit courts. He receives a salary of $10,000 a year, which may be increased by the city council, and may employ an attorney with an annual salary of not more than $5000. Deputy bailiffs are also provided for, with salaries from $2500 to $6000 per annum. By the Civil Practice act writs shall be served by a sheriff, or, if he be disqualified, by a coroner. If the provisions of that act supplant the practice provisions

of the Municipal Court act, the bailiff and his deputies are disqualified from serving any writ, relieving them from the principal duties of their offices but continuing their salaries and that of the bailiff's attorney. Other instances might be cited showing that it was intended to leave the practice provisions of the Municipal Court act in force, but we deem it unnecessary to do so. We hold that the Civil Practice act did not repeal or amend the practice provisions of the Municipal Court act.

Appellants claim that under section 19 the practice in the municipal court must be the same, as near as may be, as in other courts of record, and that rule 122 violates that provision. It is to be noticed that by the amendment of section 20 in 1931 the power to adopt rules in lieu of the practice provisions contained in the act is specifically delegated to the court. Appellants says that such a delegation of power is unconstitutional. We may not consider that claim. All such questions were waived by appealing to the Appellate Court. (*Chicago-Sandoval Coal Co.* v. *Industrial Com.* 301 Ill. 389; *Luken* v. *Lake Shore and Michigan Southern Railway Co.* 248 id. 377.) It may further be said that rule 122 is not in lieu of any provision of the Municipal Court act but is merely supplemental to the provisions of section 30.

Another provision of section 19 that deserves attention is the provision that the municipal court shall be the sole judge of the applicability to its proceedings of the rules of practice prescribed by law for similar cases in the circuit courts, and its decisions in respect thereto shall not be subject to review except to prevent a failure of justice. No such claim can be here made. The municipal court of Chicago is a part of the local municipal government of Chicago. Manifestly, this provision of section 19 and all other practice provisions of the Municipal Court act are a part of the scheme for such local municipal government provided for by the constitutional amendment. It is equally obvious that

this particular provision is embraced within the terms of the amendment authorizing the legislature to pass any law (local, special or general,) providing such a scheme. The provision was ratified by a referendum, as provided by the amendment, and its validity cannot be doubted. . The action of the municipal court in adopting rule 122 can be construed in no other light than as a determination that the rules of practice in circuit courts relating to non-suits are not applicable to proceedings in the municipal court. This it had the right to do, and its action in that respect is final.

Inasmuch as the Civil Practice act does not apply to the practice provisions of the Municipal Court act, rule 2 of this court is not to be interpreted as applying to those provisions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*