(No. 24697.—

J. B. COHEN, Appellee, *vs.* VINCENT BENDIX, Appellant.

*Opinion filed October 17, 1938.*

CASSELS, POTTER & BENTLEY, (WILLIAM H. KING, JR., LESLIE H. VOGEL, and HORACE G. MARSHALL, of counsel,) for appellant.

JULIUS L. KABAKER, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Judgment was procured against the appellant in the municipal court of Chicago in the sum of $1459, as damages for breach of guaranty on certain bonds. He brings the cause directly to this court on the ground that the constitutionality of certain rules of the municipal court is involved.

It appears that after suit was filed against him, summons and several *alias* summonses were returned "defend-

ant not found." On April 27, 1937, another *alias* summons was issued returnable May 10, following. It was returned marked as having been served on the defendant at 105 W. Adams street, his office or place of business, by leaving a copy thereof and copy of a statement of claim with "Miss A. Mattie," employed by the defendant. The return also showed that a copy of the summons had been mailed to the defendant at 105 W. Adams street.

The appellant entered his special appearance and moved to quash the summons. This motion was supported by affidavits and was allowed. On September 28, following, the appellee filed his petition for leave to serve appellant under rule 10A of the municipal court. Upon an *ex parte* hearing the court entered an order authorizing such service and directing the manner of making it. The return of the bailiff recited that service was had upon appellant by serving Vera Mattei at 105 W. Adams street, in Chicago, and by mailing a copy of the writ to appellant at 105 W. Adams street. On return day, appellant, under a special and limited appearance, filed a motion, supported by affidavits, to quash the service, summons and return, upon the grounds (1) the purported service violates the fourteenth amendment of the constitution of the United States; (2) the order directing service under rule 10A of the municipal court amounted to denial to appellant of due process of law, and (3) the purported service was not had in accordance with the statutes of this State. Affidavits in support of the motion recited that the appellant had not been personally served with summons, had not authorized any person to accept service on his behalf, is not a resident of the State of Illinois and has no home, place of abode or place of business in this State, but resides in Indiana; that Vera Mattei, upon whom service was had, is not his employee but was an employee of the Bendix Aviation Corporation.

A hearing was had on the motion to quash and appellee's objections thereto. It was there shown, without dispute,

that the appellant had, for a number of years, maintained a home at 1701 E. Jefferson street, in the city of South Bend, Indiana; that he is a registered voter of the fourth district of that city; that he is president of the Bendix Aviation Corporation, which corporation maintains offices at 105 W. Adams street, Chicago, and that Vera Mattei, the person upon whom service was had, was employed by the corporation and not by the appellant. The trial court held that under rules 10 and 10A of the municipal court the service of summons was good, for the reason that the municipal court had power to fix the mode of service of summons; that such was merely a matter of practice and procedure, and that the evidence was sufficient to show that the appellant maintained an office in Chicago.

There is no contention that personal service was had upon the appellant but the appellee insists that service pursuant to rules 10 and 10A was sufficient, and that the trial court had sufficient evidence to warrant the finding that appellant was a resident of Illinois. Rule 10 provides, in effect, that when a party is to be served as an individual, such service may be had by leaving a copy thereof, together with the papers attached, stamped by the clerk as a true copy, with such party personally, or, if he have a usual place of abode, by leaving such copy, together with a copy of the papers attached thereto, at such usual place of abode with some member of the family of the age of ten years and upwards, informing such person of the contents thereof; or "if such party maintains an office or place of business in the city of Chicago at which he carries on business and receives mail, by leaving such copy together with copy of papers attached thereto at such office or place of business with some person there employed by him as manager, cashier, salesman or saleswoman, if of the age of twenty-one years or upwards, and informing such person of the contents thereof." Rule 10 provides, also, that when such service is not made by personal delivery to the person to be

summoned, a copy of the summons, together with a copy of the papers attached, shall be mailed to the defendant at his usual place of abode or at such office or place of business, as the case may be. Rule 10A provides: "In any case in which an officer is unable from any cause to make due service of a summons, the court upon application therefor and upon notice to the bailiff may direct such service to be made in such manner as the court may deem proper," etc.

The questions arising on this record have been disposed of by the holding of this court in *Danoff* v. *Larson,* 368 Ill. 519, where it was held that the municipal court did not have power to provide by rule a method of service of summons different from that required by the statutes and constitution. The evidence in this case is clear that appellant was not a resident of this State. The municipal court was without jurisdiction of the person of the appellant. The judgment of that court is reversed and the cause is remanded, with directions to vacate the judgment so entered and sustain appellant's motion to quash the summons and return thereon.

*Reversed and remanded, with directions.*