J. Frank O'Brien, Appellant, v. William J. McCarthy and Northern Trust Company. William J. McCarthy, Appellee.

Gen. No. 40,857.

Opinion filed June 24, 1940.

LATIMER, DONOVAN & BROWN, of Chicago, for appellant.

GEORGE J. KABRINE, of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendants to recover $300 claimed to be due him for commissions earned as a real estate broker. Defendants denied liability. The case was tried before the court without a jury and at the close of plaintiff's case defendants moved for judgment in their favor which the court took under advisement. Thereupon defendant McCarthy called witnesses who testified in his behalf and after the evidence was all in, but before the court made any ruling, plaintiff moved for a nonsuit which the court allowed but which order was afterward set aside and the motion for a nonsuit denied. Thereupon the court found the issues against plaintiff and that defendants

recover costs against him and for execution. Plaintiff appeals.

The question for decision is whether plaintiff, after the evidence on both sides had been heard, has the legal right to orally take a nonsuit or whether the court may, in its discretion, overrule the motion and dispose of the case on the merits.

Sections 20 and 30 of the act in relation to the municipal court of Chicago, ch. 37, pars. 375 and 385, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 108.045, 108.053] provide: "§ 20. That the judges of said municipal court shall have power to adopt, in addition to or in lieu of the provisions herein contained prescribing the practice in said municipal court, or of any portion or portions of said provisions, such rules regulating the practice in said court as they may deem necessary or expedient for the proper administration of justice in said court. The adoption of said rules shall be accomplished by an order or orders signed by a majority of said judges, which order or orders, when made, shall be spread forthwith upon the records of said court and shall be printed in pamphlet or book form at the expense of the city. Amendments and changes of said rules may be made from time to time by like orders."

Section 30 provides that if a jury trial is desired, a demand be made, etc., and the section continues, "Every person desirous of suffering a non-suit on trial shall be barred therefrom unless he do so before the jury retire from the bar, or before the court, in case the trial is by the court without a jury, states its finding."

The Municipal Court Act was enacted in 1905 and §§ 20 and 30, among other sections of the act, were amended in 1907. Section 20, as then amended, authorizes the judges of the court "to adopt, in addition to or in lieu of the provisions herein contained prescribing the practice in said municipal court or of any portion or portions of said provisions, such rules regulating the practice in said court as they may deem necessary or

expedient for the proper administration of justice therein: Provided, however, that no such rule or rules so adopted shall be inconsistent with those expressly provided for by this Act.''

In 1931, § 20 was again amended and the provision of § 20 above underscored was eliminated so that §§ 20 and 30 are now as first above quoted.

Pursuant to the authority conferred on the judges of the municipal court in the making of rules, Rule 122 was adopted by the judges. It provides that plaintiff may at any time before the filing of the defendant's defense or after the filing of such defense but before taking any other proceeding, by notice in writing or in open court discontinue his action or any part of it, but after the filing of the pleadings if plaintiff takes any further action he is not authorized to take a nonsuit as a matter of right, but only in the discretion of the court.

Counsel for plaintiff contend that ''The Municipal Court of Chicago has no power to change substantive rights by means of rules of court''; that ''The right to a non-suit is a substantive right''; and that Rule 122 is inconsistent with § 30 of the Municipal Court Act and therefore void.

Regulating by rule the method of plaintiff's taking a nonsuit in Rule 122 of the municipal court, is in relation to ''practice'' as mentioned in § 20. *Ptacek v. Coleman,* 364 Ill. 618, 621, 625; *Danoff v. Larson,* 368 Ill. 519; *Huber v. Van Schaack-Mutual, Inc.,* 368 Ill. 142, 144; *Chicago Title & Trust Co. v. County of Cook,* 279 Ill. App. 462.

In the *Ptacek* case, the Supreme Court held that § 52 of the Civil Practice Act was not applicable to the municipal court of Chicago. In the course of the opinion the court said: ''Section 20 as amended in 1931 provides: 'That the judges of said municipal court shall have the power to adopt, in addition to or in lieu of the provisions herein contained prescribing the practice in said municipal court, or of any portion or portions of

said provisions, such rules regulating the practice in said court as they may deem necessary or expedient for the proper administration of justice in said court. . . . Amendments and changes of said rules may be made from time to time by like orders.' Prior to the amendment of 1931 section 20 carried the proviso that no such rule should be inconsistent with those expressly provided for by the act, and that the Supreme Court might, in its discretion, substitute other rules and make any order respecting the rules as it deemed proper.'' (p. 625) : ''It is to be noticed that by the amendment of section 20 in 1931 the power to adopt rules in lieu of the practice provisions contained in the act is specifically delegated to the court.'' The court said the Municipal Court Act or any amendment thereto must be submitted to a vote of the people but this was not required of the Civil Practice Act and the court held that § 52 of the Civil Practice Act was inapplicable to the municipal court.

In the *Danoff* case it was held that the rule of the municipal court which sought to regulate the service of summons was void. The court there said that § 20 of the Municipal Court Act applied only to rules of practice in that court and did not permit the judges of the municipal court to regulate the manner of service of summons; that (p. 521) ''Section 20 of the Municipal Court act . . . provides that the judges of that court shall have power to adopt, in addition to or in lieu of the provisions therein contained, such rules regulating the practice in said court as they may deem necessary or expedient for the proper administration of justice. It appears, therefore, that the legislature has delegated to that court the power to prescribe its own rules of practice in addition to or in lieu of the provisions made in respect thereto by the legislature. This delegation of rule-making power has been held constitutional. *Hopkins v. Levandowski,* 250 Ill. 372; *People v. Gill,* 358 id. 261; *Ptacek v. Coleman,* 364 id. 618.''

And in discussing the authority of the judges of the municipal court of Chicago to enact rules governing practice in that court the Supreme Court in the *Huber* case [368 Ill. 142, 144], said: "In *Ptacek v. Coleman,* 364 Ill. 618, we reaffirmed our holding that the municipal court of Chicago is a part of the local municipal government of that city established pursuant to section 34 of article 4 of the constitution as amended in 1904, and we reviewed, at length, that court's rule-making power. We held that it had the power to adopt a different rule as to the taking of a non-suit and that this was not governed by the Civil Practice act. It is not necessary to repeat here the sections of the municipal court act set out in that decision."

From the foregoing we are of opinion that the judges of the municipal court were, by virtue of § 20 of the Municipal Court Act, authorized to pass Rule 122, which made it discretionary with the trial judge in a case tried without a jury to allow or deny the motion of plaintiff for a nonsuit after the evidence was heard. We think the conflict between §§ 20 and 30 of the Municipal Court Act is more apparent than real but in any event § 20 expressly authorizes the judges to adopt rules of practice "in addition to or in lieu of" the provisions of the act. We think the rule is valid and is just and equitable. *Chicago Title & Trust Co. v. County of Cook,* 279 Ill. App. 462, 14 Cyc. 396; *Johnson v. Bailey,* 59 Fed. 670; *Washburn v. Allen,* 77 Me. 344; *Shaw v. Boland,* 15 Grey [81 Mass.] 571; *United States v. Humason,* 8 Fed. 71, 73.

In the *Chicago Title & Trust Co.* case, we held that a plaintiff, after the evidence was heard and argument of counsel was proceeding, had no right to take a nonsuit unless he complied with § 52 of the Civil Practice Act. We there said that the practice of permitting plaintiff to take a nonsuit after the evidence was in "often made the administration of justice a mere travesty." And it was to remove this obvious defect that the legislature enacted § 52 of the Civil Practice Act.

In 14 Cyc. 396, it is said: "It is considered that the granting or the refusal of leave to dismiss, to discontinue, or to take a nonsuit is a matter of practice resting in the discretion of the court, which discretion is to be exercised with reference to the rights of both the parties."

In the *Johnson* case, [59 Fed. 670] it was held that after the trial had actually begun the plaintiff had no absolute right to take a nonsuit but the refusal or granting of plaintiff's motion for a nonsuit "lies in the liberal discretion of the court, but will be denied when plaintiff gets all his own evidence in, and is not surprised by defendant's evidence." The court then discussed a great many authorities as well as the common law rule and said: "it seems little short of a perversion of justice, without any good cause shown, to hold that the plaintiff shall, at any time before verdict rendered, and when the court is in possession of the means for a just and final determination upon the merits, have the absolute power, at his own pleasure, and without showing any cause, of discontinuing his action with the right to bring a new suit for the same cause." The court there quotes from authorities which hold that the common law rule of England, permitting a plaintiff to take a nonsuit before verdict, had been changed by statute. That opinion was written in 1894.

In the *Washburn* case [77 Me. 344], the court analyzes and discusses a number of authorities on the right of plaintiff to take a nonsuit and reached the conclusion that such right was within the discretion of the trial court and said: "The reason of the rule is apparent, and needs no discussion. It is founded upon principle. If there were no place at which a party defendant could have any rights, save as to costs, till after verdict, great injustice might oftentimes result, with no power in the court to correct or restrain it. As a nonsuit is no bar to a future action for the same cause, a plaintiff, if so disposed, might harass the opposing party, whose residence or situation might be such as to necessitate great

expense in the preparation or defense of a cause, with continued litigation, and the costs recoverable would be absolutely inadequate to compensate him for either. Courts of law are instituted for the administration of justice, and in so doing must be governed by wise and salutary rules that will neither afford improper advantage to one party nor work injustice to the other.'' And to the same effect is the law in Massachusetts where the court in *Shaw v. Boland,* 15 Grey [81 Mass.] 571, 573 said: ''And this law seems to us to be eminently just. As a nonsuit is no bar to another suit for the same cause of action, a plaintiff might harass a defendant by unlimited litigation, if the court had no authority, in any case to prevent a nonsuit.''

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

McSurely, J., concurs.

Mr. Justice Matchett dissenting:

Plaintiff, a licensed real estate broker, filed a verified statement of claim for commissions. Defendants filed affidavits of merits. On hearing, plaintiff made a motion for a nonsuit, which was allowed on January 29, 1939. March 1, 1939, the court on motion of defendants, pursuant to notice served February 25, 1939, vacated the order permitting the nonsuit, overruled the motion therefor and entered judgment in favor of defendants and plaintiff appeals.

The judgment of the court was entered pursuant to Rule 122 of the municipal court covering the practice of that court with relation to voluntary discontinuances, which in the circuit and superior courts is controlled by § 52 of the Civil Practice Act (Smith-Hurd Anno. Stats. ch. 110, § 176 of the statute, p. 466 [Jones Ill. Stats. Ann. 104.052].) Section 52 is not applicable to the municipal court. *Ptacek v. Coleman,* 364 Ill. 618.

The contention of plaintiff is that the right to take a voluntary nonsuit is a substantial right of which plaintiff could not be deprived by rule of court; that the

municipal court was without power to enact Rule 122, and that it is invalid for that reason. Defendants contend this question has been settled in their favor by *Ptacek v. Coleman,* 364 Ill. 618. It has not. The sole question in that case was whether § 52 of the Civil Practice Act should be held to apply to the practice in the municipal court. This court and the Supreme Court held it did not. The question of whether Rule 122 was valid or invalid was not raised.

Plaintiff's contention is that the right of a litigant to take a nonsuit is a substantive right and that the municipal court is wholly without power to deprive a litigant of it by rule of court or any other way. Plaintiff concedes power to make rules of practice is granted to the municipal court by § 20 of the Municipal Court Act (see Ill. Rev. Stat. 1939, ch. 37, par. 375, pp. 1061–1062 [Jones Ill. Stats. Ann. 108.045]), but says the right to take a nonsuit is provided for by § 30 (Ill. Rev. Stat. 1939, ch. 37, par. 385, p. 1064 [Jones Ill. Stats. Ann. 108.53]) and that Rule 122 is invalid because it deprives plaintiff of a substantive right contrary to the statute. In *Danoff v. Larson,* 368 Ill. 519, the Supreme Court held § 20 of the Municipal Court Act did not authorize judges to determine by rule the method of serving summons which had been prescribed by the legislature. This holding was followed in *Cohen v. Bendix,* 369 Ill. 507. In *Barry v. Knight,* 296 Ill. App. 277 (appeal refused by the Supreme Court), an attempt by rule to give to the municipal court general equity jurisdiction was held invalid. In *People ex rel. v. Municipal Court of Chicago,* 297 Ill. App. 431, it was held a writ of prohibition would not issue to determine the extent of the jurisdiction of the municipal court.

Plaintiff argues the right to a nonsuit is a substantive right, and this being true, it follows, it is said, that a litigant may not be deprived of the right by court rule. Plaintiff cites *Daube v. Kuppenheimer,* 272 Ill. 350, where the right of a plaintiff to take a nonsuit after the

court had directed a verdict against him at the close of all the evidence and while the court was stating its reasons for directing the verdict but before the jury had actually signed it was sustained. It was there held that a trial at which the court directed a verdict for one of the parties was a trial by jury within the meaning of the statute, which by implication permitted the plaintiff to take a nonsuit at any time before the jury retired. The court held plaintiff had an absolute right to take the nonsuit. The opinion reviewed at length the history of nonsuits, stating that at common law plaintiff was permitted to take a nonsuit at any time before the verdict was rendered in court and pointing out the various modifications of the rule by statutory enactment.

In *Ex Parte: In the Matter of Skinner and Eddy, Corporation, Petitioner,* 265 U.S. 86, the Supreme Court of the United States granted a mandamus to compel the court of claims to allow plaintiff to assert his right to take a nonsuit. The opinion by Chief Justice TAFT pointed out that at common law plaintiff had an absolute right to discontinue or dismiss his suit at any stage of the proceedings prior to verdict or judgment and that this right had been declared to be substantial, citing *Barrett v. Virginian Ry. Co.,* 250 U.S. 473; *Confiscation Cases,* 7 Wall. 454, 457; *Veazie v. Wadleigh,* 11 Pet. 55; *United States v. Norfolk & Western Ry. Co.,* 118 Fed. 554. The opinion goes on to say (citing authorities) that it is ordinarily the undisputed right of a plaintiff to dismiss a bill in equity before a final hearing, and except in certain cases an examination of English and American authorities showed that the right of a complainant to dismiss his bill without prejudice, on payment of costs, *was as of course;* that the exception was where the dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation. The court said:

"The right to dismiss, if it exists, is absolute. It does not depend on the reasons which the plaintiff offers for his action. The fact that he may not have disclosed all his reasons or may not have given the real one cannot affect his right."

Plaintiff says the right of dismissal is identical with the right to take a nonsuit, and that "In view of the decisions cited herein, it is evident that the right to a non-suit is not a mere matter of practice that can be changed to suit the whims of the Judges of the Municipal Court of Chicago. It is not even a matter which can be changed by the Judges no matter how noble their motive. It is a substantive right—a right existing at common law—a right limited by Section 30 of the Municipal Court Act, but not otherwise—and not a matter of procedure which can be changed by rules of court."

It may be well to recall the language of Rule 122 and the interpretation of it. It provides:

"Plaintiff may discontinue before or after defence.

"The plaintiff may, at any time before the filing of the defendant's defence, or after the filing of such defence before taking any other proceeding in the action (other than an interlocutory application), by notice in writing or in open court to the defendant or defendants, wholly discontinue his action against all or any of the defendants or withdraw any part or parts of his alleged cause of action and thereupon he shall pay to the defendant or defendants their costs in the action, or, if the action be not wholly discontinued, such portion of such costs as the court may deem just. Save as in this rule is otherwise provided, it shall not be competent for the plaintiff to discontinue the action, but the court may, before, or at, or after the hearing or trial, upon such terms as to costs, and as to any other action, and otherwise as may be just, order the action to be discontinued, or any part of the alleged cause of action to be struck

out. A discontinuance of any action by the plaintiff shall not affect the right of a defendant to prosecute any counterclaim theretofore filed.''

A note to Rule 122 shows the construction of it. The note says the rule *takes away the power of a plaintiff heretofore existing to claim a nonsuit;* that neither party can by devices of amendment or otherwise, evade these rules, nor can it be used for bringing about indirectly that which cannot be effected directly; that two or more co-plaintiffs cannot withdraw without the consent of the others, if a co-plaintiff declines to proceed the usual order will be to strike him out as a plaintiff and add him as a defendant, upon such terms as to costs as may be ordered by the court; that if the defendant is an infant, the plaintiff cannot discontinue until a *guardian ad litem* has been appointed and appearance entered; that leave is required for a plaintiff if after the filing of a defense he has taken any proceedings, other than interlocutory, in continuation of the litigation; that leave will be given upon such terms as may seem just (1) either as to costs, or (2) any other action, or (3) otherwise; that a plaintiff who, without leave, discontinues or withdraws part of his action is not prevented from bringing another action for the same subject matter, but where leave is required the court will consider all the circumstances and if it seems just will impose terms that no other action shall be brought; or leave to discontinue may be refused and judgment given for the defendant.

Section 30 of the Municipal Court Act, with certain provisions with reference to jury trial, further provides:

''Every person desirous of suffering a non-suit on trial shall be barred therefrom unless he do so before the jury retire from the bar, or before the court, in case the trial is by the court without a jury, states its finding.''

The difference between the rule and the statute is deep and fundamental. The note to the rule plainly states that the rule takes away the power of a plaintiff heretofore existing to claim a nonsuit. The statute gives to the person who is the owner of a cause of action absolute control of it until the jury retires or until the court states its finding if the trial is by the court. Under the rule that power and control becomes conditional as soon as a defendant files his defense. From that moment the exercise of the right ceases to be absolute. There might be many reasons why the plaintiff would deem it unwise to continue the existing law suit. At common law and under the statute his right to continue or discontinue was in his control. The rule takes this from him. The note to the rule says so. There is a clear contradiction between the statute and the rule. The statute was passed by the legislature. The rule is made by the court under supposed statutory authority. We cannot assume that the legislature intended to grant to the municipal court power to repeal the statute which the legislature itself enacted. That is precisely what has happened here. *Danoff v. Larson,* 368 Ill. 519, is, as we read it, decisive. In that case the municipal court acting under the same authority as here, undertook to prescribe a method by which a defendant might be summoned to court. The opinion of the court said that the legislature had prescribed the manner in which a summons should be served and pointed out that while under § 20 of the Municipal Court Act (Ill. Rev. Stat. 1937, ch. 37, par. 375 [Jones Ill. Stats. Ann. 108.045]) the judges of the court were given power to adopt in addition to or in lieu of the provisions of the statute, such rules regulating the practice as they might deem necessary or expedient, this power did not extend so far as to give authority to prescribe the time or manner of serving initial process. The Supreme Court declined to attempt to give by precise definition the meaning of the word "practice,"

saying that so far as the briefs advised or independent investigation had shown "there is no authority precisely in point." The opinion of the court, however, points out that the Municipal Court Act was not intended to give to judges of that court power to make substantive rules of law; that it was clear the means by which a person was summoned into court went deeply into the substance of his rights and was more than a mere matter of form. Can it be said that the power to prescribe the manner in which notice shall be given to a defendant of a court proceeding is fundamental and a part of his substantial right while that of controlling his own suit after the court has acquired jurisdiction is not? I think this question must be answered in the negative.

For the reasons indicated I would hold the rule invalid. I think the judgment should be reversed and the cause remanded with directions to permit plaintiff to take a nonsuit.