## GEORGE B. GROVES

*v*

## GILLSON MAGHEE *et al.*

BILL TO QUIET TITLE. Upon bill filed to enjoin the conveyance of lands to a purchaser under execution, and to perfect complainant's title, it appeared the execution debtor, who had formerly held the equitable title to the premises, had assigned the same to the complainant prior to the date of the judgment under which the sale had been made, of which fact the purchaser under the execution had notice: *Held,* upon demurrer tò the bill, that the complainant was entitled to the relief sought, so far as might be necessary to protect his title against the execution sale.

APPEAL from the Circuit Court of Saline county; the Hon. ANDREW D. DUFF, Judge, presiding.

Messrs. DUFF & GREGG, for the appellant.

Per CURIAM: This was a bill in chancery, brought by Groves, to enjoin the county clerk of Saline county from making a conveyance of certain lands to his co-defendant, Maghee, and to perfect complainant's title. The bill sets up that the lands were purchased by one Robinson from Saline county; that certificates of purchase were issued to him by the county, and that the complainant, Groves, bought said lands from Robinson for a consideration of $6000, and took an assignment of the certificates of purchase. The bill further alleges that after said purchase and assignment, Maghee recovered a judgment in the Circuit Court of the United States for the Southern district of Illinois against Robinson and others; that an execution issued on said judgment, which was levied on the lands in controversy, and they were sold to the defendant, Maghee. The bill further avers that the record showed no title in Robinson at the date of the judgment, and that Maghee knew, as a matter of fact, that Robinson had no title, and that the certificates of purchase had

been assigned to Groves. To this bill a demurrer was interposed and sustained. The complainant brings the case here by appeal. The appellees have not appeared by counsel in this court, and we are not advised on what ground the demurrer was sustained. We see no reason why the complainant is not entitled to the relief sought, so far as may be necessary to protect his title against the marshal's sale. Robinson never had the legal title in the premises, and when the judgment was rendered against him, he had neither a legal nor equitable interest; and of this fact Maghee was aware, as admitted by the demurrer.

The decree must be reversed and the cause remanded.

*Decree reversed.*