ARTHUR E. LOTT, Plaintiff in Error, *vs.* ABEL DAVIS *et al.* Defendants in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. CLOUD ON TITLE—*when an objection that the bill contains no allegation as to occupancy is waived.* If any averment concerning the possession or occupancy of the premises is required in a case where the removal of a cloud from title is not the sole object of the bill, the want of such averment is waived where the defendants, instead of demurring specially for that cause, answer the bill and proceed to a hearing without objection.

2. COURTS—*primary purpose of constitutional amendment contemplating creation of municipal court of Chicago.* The primary purpose manifest from the constitutional amendment contemplating the creation of the municipal court of Chicago was the creation of a court with the jurisdiction and functions of justices of the peace and police magistrates and the abolishing of those offices for the territory within the city.

3. SAME—*when municipal court of Chicago is not of same class or grade as circuit courts.* While the municipal court of Chicago has been given jurisdiction of certain classes of cases in which jurisdiction had been exercised by the county and circuit courts, yet its principal jurisdiction corresponds to that of justices of the peace and police magistrates outside of the city, and in the exercise of such jurisdiction it cannot be regarded as of the same class or grade as circuit courts.

4. SAME—*what must be done before judgment in fourth-class case becomes a lien on real estate.* Under section 63 of the Municipal Court act, before a judgment of the municipal court can become a lien upon real estate it is necessary, first, that a transcript of the judgment shall be filed in the office of the recorder; and second, that an execution shall be levied and a certificate of such levy filed in the recorder's office.

5. CONSTITUTIONAL LAW—*provision of section 63 of Municipal Court act as to liens of judgments in fourth-class cases is valid.* The provision of section 63 of the Municipal Court act which specifies the time when judgments of the municipal court in cases other than those of the first or second class shall become liens upon real estate is not in conflict with section 29 of article 6 of the constitution, requiring the force and effect of judgments of courts of the same class or grade, so far as regulated by law, to be uniform.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

SAMUEL B. KING, and JULE F. BROWER, for plaintiff in error.

CHARLES T. FARSON, for defendant in error Abel Davis.

WILLIAM CHONES, for defendant in error Thomas M. Hunter, bailiff of municipal court.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Arthur E. Lott, plaintiff in error, filed his bill in the superior court of Cook county, alleging that he was the owner, in fee simple, of the lots in the city of Chicago therein described, and asking the court to enjoin the execution of a deed to the same in pursuance of a certificate of sale executed by Thomas M. Hunter, bailiff of the municipal court of Chicago, to Abel Davis by virtue of an execution against Albert F. Lott on a judgment in favor of John E. Mullally and to remove said certificate as a cloud upon his title. Davis, Hunter and Mullally were made defendants, and Davis answered the bill. Mullally was defaulted, and it was stipulated that the answer of Davis should stand as the answer of Hunter. The ground for asking relief was, that the execution was not a lien on the lots when the complainant acquired them. The facts were not in dispute, and the defense made by the answer

was that the provision contained in section 63 of the act relating to the municipal court of Chicago, that no execution upon a judgment other than one of the first class or one of the second class, shall be a lien upon the real estate of the defendants until the same shall be levied thereon and the certificate of such levy filed in the recorder's office, is void. The evidence was heard by the court, and the claim of the defendants was sustained and the bill dismissed for want of equity. The record has been brought to this court by writ of error.

In reply to the errors assigned, it is urged that, regardless of the question of law, the decree dismissing the bill was justified, for the reason that it did not allege that the plaintiff was in possession of the lots or that they were unoccupied. The bill did not make any allegation respecting occupancy and there was no evidence on the subject, but if any averment concerning possession or occupancy was required in a case where the removal of a cloud upon title was not the sole object of the bill, the want of the averment was waived by the defendants failing to demur specially for that cause. The defendants who answered proceeded to a hearing without objection, and cannot now insist that the bill was defective in failing to allege that the complainant was in possession or the lots vacant. (*Gage* v. *Schmidt,* 104 Ill. 106; *Monson* v. *Kill,* 144 id. 248.) The complainant had a right to file his bill to protect his title against the execution sale. *Groves* v. *Maghee,* 64 Ill. 180; *Phillips* v. *Pitts & Co.* 78 id. 72.

The defendant John E. Mullally recovered a judgment in the municipal court of Chicago on April 17, 1909, against Albert F. Lott for $520 and costs. On April 19, 1909, a transcript of the judgment was filed in the office of the recorder. In May, 1909, a stay bond was filed on a writ of error from the Appellate Court for the First District and the writ was made a *supersedeas.* On November 26, 1909, the premises were conveyed to the complain-

ant by the judgment debtor, Albert F. Lott, and his wife. The Appellate Court affirmed the judgment on June 19, 1911. Mullally assigned the judgment on June 26, 1911, to the defendant Abel Davis. An execution was issued to the defendant Hunter, as bailiff of the municipal court, and on July 25, 1911, the execution was levied on the lots, and the next day a certificate of the levy was filed in the office of the recorder. On August 28, 1911, the property was sold, by virtue of the execution, to the defendant Abel Davis for $642.12 and the execution was returned.

Section 63 of the act in relation to the municipal court of the city of Chicago provides that the orders, judgments and decrees of that court, in cases of the first class and cases of the second class, shall have the same force, be of the same effect, be liens on real estate in the city of Chicago, to the same extent and under the same circumstances and be executed and enforced in the same manner as the judgments, orders and decrees of the circuit court of Cook county; that all other judgments of the municipal court shall have the same force, be of the same effect and be executed and enforced in the same manner as the judgments of the circuit court, but no such judgment shall be a lien upon the real estate of the person against whom it is obtained, except from the time of the filing of a certified transcript thereof in the office of the recorder; that in all cases executions may be levied upon the property, real and personal, of the defendants situated within the city, to the same extent as executions issued out of the circuit court, but that no execution upon a judgment other than one of the first class or one of the second class shall be a lien upon the real estate of the defendant until the same shall be levied thereon and a certificate of such levy filed in the recorder's office of the county in which the real estate is situated. Section 29 of article 6 of the constitution provides that the organization, jurisdiction, powers, proceedings and practice of all courts of the same class or grade,

so far as regulated by law, and the force and effect of the
process, judgments and decrees of such courts, severally,
shall be uniform.

The judgment against Albert F. Lott was not rendered
in a case of the first class or a case of the second class,
and came within the provision that an execution issued
upon it should not be a lien upon the real estate of the
defendant until the same should be levied thereon and a
certificate of the levy filed in the recorder's office, but it
is contended that the provision of the constitution requires
that all judgments of the municipal court shall have the
same force and effect and become liens upon the real es-
tate of the defendants to the same extent as judgments
of the circuit court. It is therefore insisted that in order
to secure the uniformity required by the constitution, the
provision making judgments of the circuit court liens upon
real estate from the time of their rendition must be re-
garded as valid, and the provision that judgments of the
municipal court, except in two classes of cases, shall not
become liens until executions are levied and certificates filed
is void. Disregarding other questions which suggest them-
selves, that conclusion can only be reached if we find that
the municipal court, in the exercise of its jurisdiction in
cases of the fourth class, like this one, is of the same class
or grade as circuit courts.

The municipal court of Chicago was created after the
adoption of section 34 of article 4 of the constitution,
which, in contemplation of the creation of the court, pro-
vided that if the General Assembly should create such a
court it might abolish the offices of justices of the peace,
police magistrates and constables within the city and limit
the jurisdiction of justices of the peace of the county out-
side of the city to that territory. The primary and leading
purpose manifest from the constitutional provision was to
create a court with the jurisdiction and functions of jus-
tices of the peace and police magistrates and to abolish

their offices for the territory within the city. While that
was the well known purpose of section 34 and the occasion
for creating the court, the General Assembly saw fit to add
to the jurisdiction of justices of the peace and police mag-
istrates jurisdiction in certain classes of cases of more im-
portance in which jurisdiction had been exercised by county
and circuit courts. This was done under the provision that
the jurisdiction and practice of the court should be such as
the General Assembly might prescribe, and in the exercise
of its discretion the General Assembly did not give to the
municipal court all the jurisdiction of any other court ex-
cept the courts of justices of the peace and police magis-
trates. If the municipal court is considered in its entirety
it is impossible to assign to it a place identical with the
grade or class of any other court which now exists or ever
has existed. The court goes under the generic name of a
city court, but it belongs to a specific class different from
the city courts created under the general City Court act,
and is created, not as a part of the judicial department of
the State at large, but as a local court of the city for the
purpose of administering the law within the city. (*People
v. Hibernian Banking Ass'n,* 245 Ill. 522). It has none of
the more important classes of jurisdiction of circuit courts,
including the entire chancery jurisdiction, actions for torts
where the damages exceed $1000, as well as ejectment,
*mandamus, quo warranto* and *habeas corpus.* The munici-
pal court is composite in its nature and jurisdiction, and
in the exercise of jurisdiction of the same nature conferred
by general laws upon justices of the peace and police mag-
istrates outside of the city it cannot be regarded as of the
same class or grade as circuit courts.

Justices of the peace cannot render judgments which
will be a lien upon real estate from the time of their ren-
dition, but their judgments only become liens by the filing
of a certified transcript in the office of the clerk of the
circuit court of the county in which the judgment is ren-

dered. There is a similar provision in section 63, with the exception that the transcript is to be filed with the recorder, and no execution issues upon the transcript. The execution is issued from the municipal court, and it is provided that it shall not be a lien upon real estate until a levy is made and a certificate filed. It is argued that there is a distinction between the lien of a judgment and the lien of an execution, which is true; but the statute requires two conditions for the creation of a lien upon particular real estate: First, that a transcript shall be filed; and second, that an execution shall be levied and a certificate filed. Both of the provisions are expressed in the negative, and the only process for executing a judgment is by issuing an execution and making a sale of property by virtue of it. The General Assembly probably had in mind the Justices act in providing for filing a transcript and making a judgment a lien upon real estate, but instead of providing that execution might issue thereon, it was provided that there should be no lien until an execution should be levied and a certificate filed. The provisions, as applied to jurisdiction like that given to justices of the peace and police magistrates, are quite similar to the provisions governing sales of real estate under judgments of justices of the peace and police magistrates, differing, however, in the office where the transcript is to be filed and the authority issuing execution. The provision which is alleged to be void is not subject to any objection which has been made to it in this case.

The decree of the superior court is reversed and the cause is remanded to that court, with directions to grant the relief prayed for in the bill.

*Reversed and remanded, with directions.*