(No. 11446.—Judgment reversed; No. 11447.—Affirmed.)

EDWIN B. HOLMES et al. Plaintiffs in Error, *vs.* SAMUEL J. T. STRAUS, Admr., Defendant in Error.

*Opinion filed April 17, 1918—Rehearing denied June 6, 1918.*

1. COURTS—*rule as to setting aside judgment of the municipal court of Chicago—jurisdiction.* Under the Municipal Court act the municipal court of Chicago has jurisdiction in actions on contracts irrespective of the amount involved, and where the court also has jurisdiction of the person its judgment can only be set aside in a direct proceeding for error committed in the exercise of jurisdiction, or in a collateral proceeding by petition, on the equitable ground of fraud, accident or mistake.

2. SAME—*reason for constitutional provision for the municipal court of Chicago.* The primary reason for the adoption of the constitutional provision authorizing the creation of a municipal court within the city of Chicago was the abolishment of the justice of the peace and police magistrate courts.

3. SAME—*cases brought in the municipal court cannot be transferred from one class to another.* Where a case is commenced in the municipal court of Chicago it must be commenced in the class to which it properly belongs and be prosecuted to a conclusion in that class, as the Municipal Court act does not provide for the transfer of cases from one class to another, and in the absence of such authority the court cannot properly make the transfer.

4. SAME—*the municipal court cannot render judgment for more than $1000 on counter-claim in fourth-class action.* The defendant in a fourth-class action in the municipal court of Chicago may

bring in a counter-claim for an amount exceeding $1000, but as the action is of the fourth class the court cannot lawfully render judgment for the defendant for more than $1000.

CARTER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding.

BULKLEY, MORE & TALLMADGE, for plaintiffs in error.

LEONARD L. COWAN, (DANIEL V. GALLERY, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

February 28, 1912, the plaintiffs in error, co-partners doing business as Parker, Holmes & Co., brought suit in the municipal court of Chicago against I. W. Brill, defendant in error's intestate, for money advanced and goods sold and delivered, amounting to $698.03. The suit was commenced and docketed as an action of the fourth class. On March 16, 1912, the defendant filed an affidavit of merits to the whole of the plaintiffs' demand and also filed a claim of set-off, alleging there was due defendant from the plaintiffs, for commissions on sales of merchandise, $3753.53 after allowing all just credits and set-offs. On April 12, 1912, the plaintiffs filed an affidavit of merits to the whole of defendant's cross-demand. On May 6, 1915, the cause came on for hearing on the regular trial call. No one appeared for the plaintiffs, and at the instance of the defendant an order was entered transferring the cause from the docket of fourth-class cases to the docket of first-class cases upon the defendant paying the usual costs required of plaintiffs in cases of the first class. The court then proceeded to hear the cause in its regular order on the trial call, found the issues in favor of the defendant on his claim of set-off, assessed his damages at $3753.53, and rendered judg-

ment against the plaintiffs in error for that amount. On
September 21, 1915, plaintiffs in error filed their petition
in the municipal court to set aside the judgment rendered
May 6, 1915, on the ground that the court was without
jurisdiction to transfer the cause from a fourth-class cal-
endar to a first-class calendar and render judgment on the
defendant's counter-claim for $3753.53, and on the further
ground that they were by fraud, accident and mistake de-
prived of an opportunity of presenting their defense to the
defendant's counter-claim. The defendant, Brill, answered
the petition and a replication was filed to the answer. A
hearing upon the issues thus formed was had before the
court, and on July 13, 1916, an order was entered denying
the prayer of the petition. From this order the plaintiffs
in error prosecuted an appeal to the Appellate Court for
the First District, and also sued out of the Appellate Court
a writ of error seeking a reversal of the judgment of May
6, 1915. The two causes were consolidated in the Appel-
late Court and the judgment and order of the trial court
were affirmed. A writ of *certiorari* was allowed by this
court, and the causes have been brought here and consoli-
dated, the case in which it is sought to obtain a reversal
of the judgment of May 6, 1915, being numbered 11,446,
and that in which it is sought to obtain a reversal of the
order of July 13, 1916, being numbered 11,447.

Plaintiffs in error complain of the action of the munici-
pal court in transferring the suit brought by them as an
action of the fourth class from the calendar of fourth-class
cases to the calendar of first-class cases, and thereafter ren-
dering judgment against them on the cross-demand for an
amount exceeding that fixed by the statute as the limit in
fourth-class cases.

The act in relation to a municipal court in the city of
Chicago creates in and for the city of Chicago a municipal
court and confers upon it certain jurisdiction, which sec-

tion 1 of the act provides "shall be exercised in the manner hereinafter prescribed." Section 2 divides the cases in which jurisdiction is conferred upon the municipal court into six classes. The first class includes "all actions on contracts, express or implied, when the amount claimed by the plaintiff, exclusive of costs, exceeds $1000," and the fourth class includes "all civil actions, *quasi* criminal actions excepted, for the recovery of money only when the amount claimed by the plaintiff, exclusive of costs, does not exceed $1000." From these provisions of the act it appears that the municipal court has jurisdiction in actions on contracts irrespective of the amount involved, and the contention of plaintiffs in error that the municipal court was without jurisdiction to render judgment for $3753.53 on the defendant's cross-demand cannot be sustained. The court had jurisdiction of the subject matter and of the parties, and its judgment can only be set aside in the direct proceeding for error committed in the exercise of that jurisdiction or in the collateral proceeding on the equitable ground of fraud, accident or mistake.

The primary reason for the adoption of the constitutional provision authorizing the creation of a municipal court within the city of Chicago was the abolishment of the justice of the peace and police magistrate courts. (*Lott v. Davis,* 264 Ill. 272.) When it came to providing such court pursuant to the constitutional authority granted, the legislature saw the necessity of providing a court of a higher grade and with a jurisdiction far in excess of that formerly exercised by justices of the peace and police magistrates, while at the same time preserving in such court actions in which those having small sums in dispute might secure a speedy and prompt trial of their cases at a small expense. For the purpose of meeting this condition the legislature divided the city of Chicago into five districts and the causes of action of which the municipal court was given jurisdiction into six classes and provided different methods of pro-

cedure in each class of cases, designed to meet the needs of each particular class. Thus, cases of the first class are by section 28 of the act required to be commenced, prosecuted and disposed of in the first district, while cases of the fourth class (except suits against the city of Chicago or other municipal corporations) are required to be brought and prosecuted in the district in which the defendants or one of the defendants resides or is found. Section 28 also provides that until otherwise provided by the rules of the municipal court, cases of the first class shall be commenced and prosecuted in the same manner in which similar suits and proceedings are required to be commenced and prosecuted in the circuit courts except as otherwise prescribed and except also in certain particulars, while section 40 and subsequent sections of the act provide that cases of the fourth class, except attachment suits and certain others named, shall be commenced by filing a *præcipe* for a summons and a statement of the plaintiff's claim, and that there shall be attached to the copy of the summons served, a copy of the plaintiff's *præcipe* and statement of claim; that upon the return of any such summons duly served upon the defendant, the plaintiff shall be entitled to judgment as in case of default unless the defendant shall either appear in person or file his appearance in writing, and in case any defendant appears in person and desires to make a defense the court shall cause him to sign and file a written appearance, and that fourth-class cases shall be tried at the time specified in the summons or as soon thereafter as practicable at a time fixed by the court. Section 3 of the act provides that in cases of the first class the issues shall be made up by the same forms of pleadings, as near as may be, in use in similar cases in the circuit court, but in cases of the fourth class the issues shall be determined without other forms of written pleadings than those especially provided for in the act.

283 — 40

. If the intention of the legislature in dividing the actions brought in the municipal court into classes is to be carried out, when a case is commenced in that court it must be commenced in the class to which it properly belongs and be prosecuted to a conclusion in that class. To hold that the municipal court may by adopting a rule change the plain provisions of the statute, or that a judge of that court may by an order of transfer change its provisions, would be to abolish all distinctions that have been provided by the statute between the different classes of cases and hold that such provisions are a nullity. If a judge of that court can by order transfer a case of the fourth class to one of the first class, or from one class to another, then all the distinctions provided by the statute between the different classes of cases can be abrogated; and this would also carry with it all the provisions of the other sections of the statute in regard to the different methods of procedure provided for in the different classes of cases. Section 24 of the Municipal Court act authorizes the transfer of cases to the municipal court by the circuit or superior court and the criminal court of Cook county, and section 29 of the act provides for the transfer of a fourth-class case to the proper district where it has been brought in the wrong district. The act, however, does not provide for the transfer of cases brought in the municipal court from one class to another, and in the absence of such authority the court cannot properly make such transfer.

It is claimed by defendant in error that the authority to transfer cases from one class to another is given by section 52 of the Municipal Court act, which provides that "if the method of procedure in any case within the jurisdiction of the municipal court is not sufficiently prescribed by this act, or by any rule of court adopted in pursuance hereof, the court may make such provision for the conducting and disposing of the same as may appear to the court proper for the just determination of the rights of the parties."

Section 20, conferring upon the judges of the court power to adopt rules, provides that "no such rule or rules so adopted shall be inconsistent with those expressly provided for by this act." A rule authorizing the transfer of cases from one class to another, or an order of court making such transfer, would, however, be inconsistent with the provisions of the act, and would, in effect, change the method of procedure prescribed by the act. In the case at bar the plaintiffs were required to commence their suit as an action of the fourth class. They could not commence it as a case of any other class. Both the nature of the action and the amount involved would not permit otherwise. (*People* v. *Dummer,* 274 Ill. 637.) While the defendant had the right, if he saw fit to do so, to bring in his counter-claim for an amount exceeding $1000, the action being one of the fourth class the court could not render judgment thereon for more than $1000.

In transferring this case of the fourth class to a calendar of first-class cases and rendering judgment on the counter-claim for a greater amount than could be rendered in a fourth-class case the court erred, and the judgment of the Appellate Court and the judgment of the municipal court in case numbered 11,446 are therefore reversed and the cause is remanded to the municipal court.

In case numbered 11,447 the record fails to disclose any equitable grounds for relief. The proof does not show any such fraud, accident or mistake as would warrant a court of equity in setting aside the judgment. The judgment of the Appellate Court in case numbered 11,447 is affirmed.

*Judgment in case No. 11,446 reversed.*
*Judgment in case No. 11,447 affirmed.*

Mr. JUSTICE CARTER, dissenting.