Gerald G. Barry, Appellant, v. Sarah E. Knight et al., Appellees.

Gen. No. 39,939.

Opinion filed June 29, 1938.

WILLIAM K. TELL, of Chicago, for appellant; HIRSCH E. SOBLE and HIRAM T. GILBERT, both of Chicago, of counsel.

HARRY N. GOTTLIEB and WALTER F. DODD, both of Chicago, for appellees.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff from an order entered by the court dismissing the plaintiff's action on defendants' motion on the ground that the municipal court of Chicago had no jurisdiction.

The action instituted by the plaintiff was against the defendants for the foreclosure of a mortgage in the form of a trust deed on real estate executed by the defendant Sarah E. Knight to secure the payment of certain promissory notes now owned by the plaintiff upon which there is due him upwards of $5,000.

The sole question in this case is whether the general assembly has vested jurisdiction in the municipal court of Chicago to hear and determine actions to foreclose mortgages. The plaintiff has called our attention to the following provisions in an act relating to the municipal court of the city of Chicago, under ch.

37, Ill. Rev. Stat. 1937 [§ 356; Jones Ill. Stats. Ann. 108.027], as fixing the jurisdiction of the court.

First. Section 1 of the Municipal Court Act provides that, "There shall be established in and for the City of Chicago a Municipal Court which shall be a court of record . . . and the jurisdiction of which shall be exercised in the manner hereinafter prescribed." Second. Section 2 of the Act as amended [Ill. Rev. Stat. 1937, ch. 37, § 357; Jones Ill. Stats. Ann. 108.028], provides that the court shall have jurisdiction in the following cases: "All actions on contracts, express or implied, whether implied in law or implied in fact, when the amount claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1,000)." Third. Section 20 of the Act [Ill. Rev. Stat. 1937, ch. 37, § 375; Jones Ill. Stats. Ann. 108.045] provides that,

"The judges of said municipal court shall have power to adopt, in addition to or in lieu of the provisions herein contained prescribing the practice in said municipal court, such rules regulating the practice in said court as they may deem necessary or expedient for the proper administration of justice in said court." And the plaintiff suggests that this court is to determine from these three provisions, and from them only, whether the municipal court has jurisdiction of an action to enforce the payment of a promissory note secured by a mortgage upon real estate.

It is further suggested by the plaintiff that prior to the adoption of the Amendatory Act of 1931, there were many provisions contained in the original act which prescribed methods of practice which the judges were bound to follow, but after the adoption of the Amendatory Act in 1931, by the operation of Rule 311, which became effective on November 1, 1935, those provisions became ineffective except to the extent that they were not in conflict with the rules adopted by the judges. Rule 311 provides as follows:

"The foregoing rules shall be treated as in lieu of all express provisions of the Act entitled 'An Act in relation to a Municipal Court in the City of Chicago,' approved May 18, 1905, as amended, prescribing the practice in said court as well as all other statutory rules of practice in conflict with said rules and shall then be in force from and after November, 1935. . . ."

Rule 1 of the Municipal Court provides as follows:

"Contract Actions, which shall include all actions on contracts, express or implied, whether implied in law or implied in fact, on which actions *ex contractu* for the recovery of money, only, could be maintained at common law, as well as all actions in which any equitable remedy or equitable relief is sought for the enforcement of demands for money or personal property, excepting actions hereinafter otherwise classified." And incorporates provisions regarding actions not material to the question involved in this case.

It has been suggested by the plaintiff that the note to Rule 1 must be treated as a part of the rule. It is in part as follows:

"Included in contract actions are not only common law actions *ex contractu*, but also action for the recovery of money or personal property in which equitable remedies are sought such as actions to foreclose mortgages; to enforce vendors' or mechanics' liens; to correct mistakes in written instruments for the payment of money and enforce them as corrected; to enforce specific performance of contracts for the delivery of personal property, or for the purchase of personal property; to compel accountings; creditors' bills and all other action to recover money or personal property of which courts of equity have heretofore exercised concurrent jurisdiction with courts of law. The Municipal Court is limited in its jurisdiction to actions for the recovery of money or personal property only,

where no independent relief is sought, but for the purpose of recovering money or personal property and securing its payment or delivery to the plaintiff it may adopt equitable methods of procedure and enforce equitable rights, and may in any such actions give the defendant the benefit of equitable defenses.''

It is well to have in mind what the Supreme Court has stated as to the purpose of the Municipal Court Act. In *Lott v. Davis,* 264 Ill. 272, upon this subject, the court said:

''The municipal court of Chicago was created after the adoption of section 34 of article 4 of the constitution, which, in contemplation of the creation of the court, provided that if the General Assembly should create such a court it might abolish the offices of justices of the peace, police magistrates and constables within the city and limit the jurisdiction of justices of the peace of the county outside of the city to that territory. The primary and leading purpose manifest from the constitutional provision was to create a court with the jurisdiction and functions of justices of the peace and police magistrates and to abolish their offices for the territory within the city. While that was the well known purpose of section 34 and the occasion for creating the court, the General Assembly saw fit to add to the jurisdiction of justices of the peace and police magistrates jurisdiction in certain classes of cases of more importance in which jurisdiction had been exercised by county and circuit courts. This was done under the provision that the jurisdiction and practice of the court should be such as the General Assembly might prescribe, and in the exercise of its discretion the General Assembly did not give to the municipal court all the jurisdiction of any other court except the courts of justices of the peace and police magistrates. If the municipal court is considered in its entirety it is impossible to assign to it a place iden-

tical with the grade or class of any other court which now exists or ever has existed. The court goes under the generic name of a city court, but it belongs to a specific class different from the city courts created under the general City Court act, and is created, not as a part of the judicial department of the State at large, but as a local court of the city for the purpose of administering the law within the city. (*People v. Hibernian Banking Ass'n,* 245 Ill. 522.) It has none of the more important classes of jurisdiction of circuit courts, including the entire chancery jurisdiction, actions for torts where the damages exceed $1,000, as well as ejectment, *mandamus, quo warranto* and *habeas corpus.* The municipal court is composite in its nature and jurisdiction, and in the exercise of jurisdiction of the same nature conferred by general laws upon justices of the peace and police magistrates outside of the city it cannot be regarded as of the same class or grade as circuit courts.''

The Supreme Court in the above case indicates the municipal court is composite in its nature and jurisdiction and is not to be regarded in the same class as circuit courts having general jurisdiction, and, using the language of the court, the general assembly ''did not give to the Municipal Court all the jurisdiction of any other court.'' The jurisdiction of the municipal court is dependent upon the action of the general assembly, and therefore can exercise only such jurisdiction as was granted by the legislature.

The plaintiff in discussing the question of the jurisdiction of the court, points to the fact that the original Municipal Court Act as adopted in 1905 and amended in 1907, while conferring upon the judges power to adopt rules of practice, contained the proviso that no rule or rules so adopted should be inconsistent with those expressly provided for by the Act. It also gave

the Supreme Court a superintending power over the rules adopted by the judges. This so restricted the power of the judges that for 26 years after the court was organized no attempt was made by the judges to prescribe equitable methods of procedure. Plaintiff further contends that by the Amendatory Act of 1931 the description in section 2 of ''all actions on contracts, express or implied,'' was changed to ''all actions on contracts, express or implied, whether implied in law or implied in fact,'' and the proviso limiting the rule making power of the judges and the provision conferring power upon the Supreme Court were stricken out, and it is then suggested by the plaintiff that the result of these changes is that actions on judgment and actions to recover taxes and penalties are now within the unlimited jurisdiction of the court and the rule making power of the judges is now unlimited. The plaintiff further suggests that section 19 makes the judges the sole judges of the applicability of the circuit court rules of practice to the practice in the municipal court, and the Supreme Court has held it valid. (*Ptacek v. Coleman,* 364 Ill. 618.) However, it will be well to have in mind what the court said as to the jurisdiction of the municipal court in this same case, namely:

''The Municipal Court act is a special law; the Civil Practice act is general. The latter act expressly repeals the Practice act of 1907, the act of 1913 relating to suits and proceedings against receivers, certain sections of the Chancery act, the Circuit and Superior Court act, the Supreme Court act, the Appellate Court act, the Abatement act, the Injunction act, and all other acts and parts of acts inconsistent with the new legislation.

''We have repeatedly held that a subsequent general law does not abrogate or repeal a former special act

intended to operate upon a particular subject, and that if the later statute does not contain negative words it will not repeal the particular provisions of the special law upon the same subject unless it is impossible that both should be enforced.''

On the question of the practice provisions of the Municipal Court Act, the court further stated: ''No good reason can be urged why the practice provisions of the Municipal Court act cannot be enforced in that court, leaving the provisions of the Civil Practice act to be enforced in all other courts of record. It does not appear from anything in the Civil Practice act that the attention of the legislature was directed to the Municipal Court act, with the intention to embrace its practice provisions in the general act. On the contrary, the failure to mention those provisions while specifically repealing numerous provisions of several other particular acts tends to show an intention to leave the practice provisions of the Municipal Court act in force.''

The plaintiff makes the statement that in the case of *Ptacek v. Coleman,* 364 Ill. 618, the Supreme Court held valid section 19, which, it is claimed, makes the judges the sole judges of the applicability of the circuit court rules of practice to the municipal court. The court in passing upon this section did state:

''Another provision of section 19 that deserves attention is the provision that the municipal court shall be the sole judge of the applicability to its proceedings of the rules of practice prescribed by law for similar cases in the circuit courts, and its decisions in respect thereto shall not be subject to review except to prevent a failure of justice. No such claim can be here made. The municipal court of Chicago is a part of the local municipal government of Chicago. Manifestly, this provision of section 19 and all other practice pro-

visions of the Municipal Court act are a part of the scheme for such local municipal government provided for by the constitutional amendment. It is equally obvious that this particular provision is embraced within the terms of the amendment authorizing the legislature to pass any law (local, special or general), providing such a scheme. The provision was ratified by a referendum, as provided by the amendment, and its validity cannot be doubted. The action of the municipal court in adopting rule 122 can be construed in no other light than as a determination that the rules of practice in circuit courts relating to non-suits are not applicable to proceedings in the municipal court. This it had the right to do, and its action in that respect is final.

"Inasmuch as the Civil Practice act does not apply to the practice provisions of the Municipal Court act, rule 2 of this court is not to be interpreted as applying to those provisions."

The municipal court was to have jurisdiction within a limited territory. It is, in effect, what also may be termed a court with limited jurisdiction, and, as stated by the Supreme Court in *Lott v. Davis*, 264 Ill. 272, was "created, not as a part of the judicial department of the State at large, but as a local court of the city for the purpose of administering the law within the city."

It is apparent that the jurisdiction of the municipal court was fixed by the legislature and approved by referendum. It is also clear that the municipal court cannot confer jurisdiction by rules of court, and the purpose of the note to Rule 1, to which we have referred, was to add further jurisdiction in the trial of causes mentioned in this note to Rule 1.

In this note, it is stated that included in contract actions are not only actions *ex contractu*, but also actions for the recovery of money or personal property

in which equitable remedies are sought. The plaintiff claims that by the amendment to section 2, the legislature in "all actions on contracts, express or implied, whether implied in law or implied in fact," granted jurisdiction, after approval upon a referendum, to foreclose mortgages, to enforce vendors' or mechanics' liens, and to correct mistakes in written instruments for the payment of money and enforce them as corrected. So it is evident by the adoption of Rule 1 the municipal court attempted to assume jurisdiction in the cases we have outlined, and further to assume jurisdiction in actions for accountings, creditors' bills and in all other actions to recover money or personal property in which courts of equity have heretofore exercised concurrent jurisdiction with courts of law. As far as we are able to determine from the cited authorities, the municipal court cannot by rule enlarge its jurisdiction to try many of the cases that have been suggested by the plaintiff in the brief filed in this cause. And upon the subject of assuming jurisdiction, we find among the several cases cited that of *Ptacek v. Coleman,* 364 Ill. 618, in which the thought is expressed that the fact that a court of limited jurisdiction may exercise its discretion in the use of rules of practice of a court of general jurisdiction clearly does not substitute, nor authorize that court to substitute general jurisdiction for the limited jurisdiction specified by statute. The rules of the court of general jurisdiction are subject to use only in cases within the jurisdiction of the court of limited authority.

While section 20, as amended in 1931, of the Ill. Rev. Stat. 1937, ch. 37, ¶ 375 [Jones Ill. Stats. Ann. 108.045], confers power upon the municipal court to adopt "rules regulating the practice in said court," and further provides that such rules may be "in addition to or in lieu of the provisions herein contained

prescribing the practice in said Municipal Court,'' it is evident from the language used in the Civil Practice Act that section 19 of the Municipal Court Act with respect to the applicability of Circuit Court Rules, is specifically limited to practice, and the municipal court in seeking to assert jurisdiction in a proceeding to foreclose a mortgage on real estate cannot by its rules assert such jurisdiction.

It is contended by the defendants that the municipal court by statute is vested with specified and enumerated powers, and may not exceed those powers. An issue as to whether it has exceeded such powers does not present a like case to an issue as to the scope of jurisdiction of the circuit court, and it is contended further that the court cannot, by rule or otherwise, increase its statutory powers, and no presumptions will aid any effort so to increase them.

This theory of the defendants is supported by the case of *Gottlieb v. Crowe,* 368 Ill. 88, where the court said: ''The inherent power to determine the existence or nonexistence of jurisdictional facts is an attribute which is essential to the functioning of every court. On the other hand, no court can expand its statutory or constitutional powers by a recital that it has jurisdiction of the subject matter. One act requires the determination of a fact which the court has power to determine; the other would be drawing a legal conclusion which the court would be barred from drawing by the statute or constitution which created it. If courts could not determine the necessary jurisdictional facts they could not function, and, on the other hand, if by a recital they could assume powers not given to them there would be no way, by statute or constitution, to limit their jurisdiction.''

In the recent case of *Danoff v. Larson,* 368 Ill. 519, the court held that the Municipal Court Act was not

intended to give the judges of that court any power to make substantive rules of law, because this would be a violation of the provisions of the constitution.

As to whether or not the municipal court is an inferior court with limited territorial jurisdiction, the Supreme Court in the case of *People v. Municipal Court,* 359 Ill. 102, makes this statement: ''The municipal court has no jurisdiction in felony cases nor in certain tort cases. It has no general chancery jurisdiction, though it has jurisdiction, by statute, of matters in which the proceedings are by the statute declared to be in the nature of chancery proceedings. The municipal court does not have jurisdiction to enter extraordinary writs, such as *mandamus* and the like.''

It is to be noted as suggested by the defendants in their brief, that the court limits the above statement to ''jurisdiction by statute declared to be in the nature of chancery proceedings.'' This statement of the court applies to statutory provisions regarding the writ of attachment, which is explicitly brought within the jurisdiction of the municipal court, and where the execution of the writ explicitly applies by statute to ''any lands and tenements in and to which such debtor has or may claim any equitable interest or title. . . .'' (Ill. Rev. Stat. 1937, ch. 11, sec. 8 [Jones Ill. Stats. Ann. 109.041].) The municipal court was without jurisdiction before 1931, and the amendments to the Municipal Court Act in 1931 did not alter the status of the court, nor did they, either alone or in conjunction with the Civil Practice Act, in any manner, directly or indirectly, confer upon it general equitable jurisdiction.

The plaintiff is proceeding upon the theory that the distinction in practice between actions at law or in equity has been abolished by the Civil Practice Act,

and, therefore, by the amendment to the Municipal Court Act, the court has jurisdiction in contract actions, express or implied, whether implied in law or implied in fact, when the amount claimed exceeds $1,000, which theory does not add anything to what we consider the intent and meaning of the legislature at the time the amendment was passed.

What the Supreme Court has said in the case of *Harty Bros. v. Polakow*, 237 Ill. 559, is pertinent because of aid in the meaning of the term "implied contract." The court said: "The term 'implied contract' has been used to denote not only contracts implied in fact,—that is, obligations where the mutual intention to contract, although not expressed, is implied or presumed from the acts of the parties or from surrounding circumstances,—but also to denote that class of obligations imposed or created by law without the assent of the party bound, and sometimes even notwithstanding his actual dissent, upon the ground that they are dictated by reason and justice. These latter obligations have sometimes been called constructive contracts or contracts implied by law,—fictions of law adopted to enforce legal duties. (Keener on Quasi-contracts, p. 5; Bishop on Contracts, sec. 205; *Hertzog v. Hertzog,* 29 Pa. St. 465; 9 Cyc. 242; 7 Am. & Eng. Ency. of Law, — 2d ed. — 91; 15 id. 1078; *Lillard v. Wilson,* 178 Mo. 145; *Railway Co. v. Gaffney,* 65 Ohio St. 104). This court has held in the recent case of *Chudnovski v. Eckels,* 232 Ill. 312, that there is no distinction between contracts implied by law from the existence of a plain legal obligation, without regard to the intention of the parties, or even contrary thereto, and contracts implied, in fact, from acts or circumstances indicating the mutual intention; that all alike come within the natural and usual meaning of the words 'implied contract.' "

It is apparent that in actions before the amendment to section 2 was passed by the legislature and approved by referendum, the municipal court had jurisdiction to hear and determine actions on contracts where they were implied in fact and where the court reached the conclusion that it was the intention of the parties to contract, although not expressed. The court also would have jurisdiction before this amendment was passed in actions where "obligations imposed or created by law without the assent of the party bound, and sometimes even notwithstanding his actual dissent, upon the ground that they are dictated by reason and justice. These latter obligations have sometimes been called constructive contracts or contracts implied by law. . . ." And if the court had jurisdiction in contract actions such as have been indicated, before the amendment of this act, the amendment did not enlarge the jurisdiction of the court.

The plaintiff suggests the provisions of the Civil Practice Act are made applicable to courts other than those of general jurisdiction, and that the Act does not enlarge their jurisdiction so as to make it include cases other than those mentioned in the statute by which their jurisdiction is fixed. It merely permits the municipal court to make use of rules of practice made applicable in courts of general jurisdiction in similar cases. Nevertheless, while the municipal court cannot entertain jurisdiction of any civil action other than one of the class mentioned in section 2 of the Municipal Court Act, it will have the right to entertain any set-off or counterclaim of the kind mentioned in sections 38 and 44 of the Civil Practice Act (Ill. Rev. Stat. 1937, ch. 110 [§§ 162, 168; Jones Ill. Stats. Ann. 104.038, 104.044]) for the purpose of defeating the plaintiff's recovery.

We have no quarrel with this statement. It is true that the Civil Practice Act does not enlarge the juris-

diction of the municipal court; it only permits it to make use of rules of practice made applicable in courts of general jurisdiction in similar cases. So that in order to have complete jurisdiction in a foreclosure suit it is not alone sufficient that the court enter a decree for the foreclosure of the lien upon the property in question to satisfy the note or bond secured by the trust deed, but in order to do complete justice it is necessary that the court have authority to sell the property, and in a proper case providing for such procedure, the court may be called upon to approve a plan of reorganization presented to it for the purpose of protecting the rights of bondholders who, through their representative, purchased at the sale and subsequently obtained a deed to the property. The court in exercising this jurisdiction must be in a position to enforce the several provisions of the contract, so as to protect the rights of the bondholders who may be interested in the subject matter. This procedure is not similar to an action on a note to recover money. A foreclosure proceeding is for the purpose of satisfying a lien evidenced by a promissory note. In looking at the several angles involved in a foreclosure proceeding, the municipal court is certainly without jurisdiction to carry out the purpose and the approval of a plan of reorganization that may be presented by the several parties interested in securing the greatest return from the property for the benefit of the bondholders. We believe that jurisdiction was not enlarged by the amendment of 1931, adding the words, ''whether implied in law or implied in fact.''

The plaintiff admits that the Supreme Court held in *People v. Dummer,* 274 Ill. 637, that an action to collect taxes was not an ''action on a contract, express or implied,'' and was not within the jurisdiction of the municipal court; that in *O'Shea v. Farrelly,* 302

Ill. 126, it made a similar holding as to an action to recover a statutory penalty; and that in *Brown v. Gerson,* 182 Ill. App. 177, this court held that an action on a judgment was not an action "on a contract, express or implied," within the jurisdiction of the municipal court. While admitting the opinions just referred to were contrary to his contentions, plaintiff asserts that they were erroneous and contrary to other opinions of the court. As we have previously indicated, we think the added words, "whether implied in law or implied in fact" do not overcome the effect of the prior decisions of the Supreme and Appellate Courts as to actions on judgments and actions to recover taxes and penalties, and do not lead to an unlimited jurisdiction of the court.

We are satisfied from an examination of the questions called to our attention that the amendment of section 2 of the Municipal Court Act did not grant equity jurisdiction to the court. We are of the opinion that the distinction between law and equity has not been changed, except that by the provisions of par. 259.11 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 259.11; Jones Ill. Stats. Ann. 105.11] causes at law and in chancery may be joined in one cause of action and determined by a court of general jurisdiction. This provision does not enlarge the jurisdiction of the municipal court by reason of the amendment of section 2 of the Municipal Court Act.

Having considered the questions we regard as pertinent upon this appeal, we are of the opinion that the trial court acted properly on defendants' motion in dismissing the plaintiff's action upon the ground that the municipal court had no jurisdiction to entertain the suit. The judgment is affirmed.

*Judgment affirmed.*

Denis E. Sullivan and Hall, JJ., concur.