The People of the State of Illinois ex rel. Dr. Pierre Chemical Company, Appellant, v. The Municipal Court of Chicago and Joseph J. Drucker, Judge Thereof, Appellees.

Gen. No. 40,118.

Heard in the third division of this court for the first district at the June term, 1938. ▮▮▮▮ Opinion filed November 30, 1938.

FREDERICK A. BROWN, of Chicago, for appellant; G. GALE ROBERSON, of Chicago, and DANIEL F. KEMP, of counsel.

Joseph D. Irose and Hiram T. Gilbert, both of Chicago, for appellees.

Mr. Justice Hebel delivered the opinion of the court.

This is an appeal by the plaintiff from an order entered by the superior court of Cook county sustaining the motions of the defendants to strike plaintiff's petition for a writ of prohibition and thereby dismissing plaintiff's petition.

The petition for a writ of prohibition alleges that on October 5, 1937, a certain suit was filed in the municipal court of Chicago by one Robert V. Taft against petitioner Dr. Pierre Chemical Company, a corporation.

The statement of claim alleges that said Robert V. Taft, the plaintiff, is the owner of $196,000 of debenture bonds of an outstanding issue of $1,240,000 of debenture bonds issued by the Dr. Pierre Chemical Company; that said bonds mature January 1, 1956, and draw interest "to the extent that the available net income of the company, as determined by the standard methods of accounting, would suffice for payment at the rate of 7% per annum"; that during the year 1936 Dr. Pierre Chemical Company earned $42,087.50, "which was sufficient as determined by the standard methods of accounting, to pay interest on all outstanding and unpaid bonds at the rate of 3.39% per annum"; that during the first quarter of 1937 the Dr. Pierre Chemical Company earned $9,300 "which was sufficient as determined by the standard methods of accounting, to pay interest on such outstanding and unpaid bonds at 3% per annum and still leave a surplus in the treasury of $53,013.88"; that according to the terms and conditions of said bonds and the standard methods of accounting, the defendant in said suit, Dr. Pierre Chemical Company, "should have distributed said surplus of $53,013.88 as interest on said bonds

during the first quarter of 1937, but failed so to do'';
that on or about December 31, 1937, an item of $6,264.03
was deducted from the account of the plaintiff, Robert
V. Taft; and credited to the account of one Eva A.
Taft; that in March, 1937, said sum of $6,264.03 was
charged to general expense instead of charging same
back to Eva A. Taft; that the officials of said Dr. Pierre
Chemical Company, are unfriendly to plaintiff and
such charge was deliberately made to defeat the plain-
tiff of the sum of $964.66, which otherwise would have
been paid to him if said sum had been charged back
to the account of Eva A. Taft; that on December 31,
1936, an item of $2,199.60 was ''illegally charged to
Profit and Loss''; that the plaintiff is entitled to re-
cover his pro rata share, amounting to 15.4 per cent,
or the sum of $338.74.

As pointed out to this court, the statement of claim
in the suit in the municipal court of Chicago further
sets forth a tabulation of the amounts claimed to be
due the plaintiff, totalling $17,346.29, less credits of
$2,368.47, and claiming an alleged balance of $14,977.82;
that the Dr. Pierre Chemical Company appeared in
said suit in the municipal court of Chicago and filed a
motion to dismiss the same on the ground that the
municipal court of Chicago had no jurisdiction over the
subject matter of said suit, which motion was over-
ruled by one of the judges of the municipal court of
Chicago; that Dr. Pierre Chemical Company thereupon
filed in the superior court of Cook county a petition
for a writ of prohibition, praying therein that such
writ issue restraining and prohibiting the said Joseph
J. Drucker and each and every other judge of the mu-
nicipal court of Chicago from assuming jurisdiction in
said suit of *Robert V. Taft v. Dr. Pierre Chemical Co.*,
upon the ground stated in said petition.

Separate motions to dismiss said petition for a writ
of prohibition were filed by the defendant Judge

Joseph J. Drucker by his attorney and by defendant, the municipal court of Chicago, by its attorney. The superior court of Cook county sustained said motions and ordered the petition for a writ of prohibition dismissed, from which order this appeal is taken.

The first point called to the attention of the municipal court of Chicago is that the obligation of the Dr. Pierre Chemical Co. to pay interest on its income bonds is identical with the obligations of a corporation to pay (preferred) dividends to its stockholders. The obligation of Dr. Pierre Chemical Co. to pay interest is provided in the bond as follows: ''to pay interest thereon . . . to the extent that the available net income of the company, as determined by the standard methods of accounting, would suffice for payment,'' and the plaintiff cites in support of its contention Vol. 6 Fletcher on Corporations, Perm. Ed., in speaking of income bonds, sec. 2644, where it is said: ''They bear a close resemblance to capital stock.'' Section 2645, is as follows:

''The corporation has the right, notwithstanding such mortgage and bonds, to conduct its operations as it sees fit, subject only to the conditions of its organic law, unless the bonds or provisions of the mortgage contain limitations upon the powers of the corporation. It may make such improvements, alterations or changes as appear desirable. The only right the bondholders have is to compel the officers of the corporation to observe good faith in determining what is to be treated as net income, as governed by provisions in the bonds and mortgage as to what shall constitute net income.''

The question involved in the litigation is whether the plaintiff as a holder of income bonds has the same right to compel the payment of interest that a stockholder has to compel payment of dividends, and whether such action to enforce this right can be brought only in a court of equity.

The petitioner urges that to recover interest alleged to be due under the terms of the income debenture bonds, the suit of *Robert V. Taft v. Dr. Pierre Chemical Co.* was filed in the municipal court of Chicago, and the suit being essentially an action for an accounting, the municipal court was without jurisdiction; that a suit to compel payment of interest could properly be maintained only in a court of equity, and quotes from the express terms of the bond whereby the Dr. Pierre Chemical Co. agrees to pay interest upon its debenture bonds ''to the extent that the available net income of the Company, as determined by the standard methods of accounting, would suffice for payment at the rate of 7% per annum.''

The question before the court is whether the municipal court of Chicago had jurisdiction to determine the issue raised in that court regarding the amount of interest alleged to be due under the terms of the bond issued by the petitioner. We have passed upon the question of jurisdiction of the municipal court in matters of equity in the case of *Barry v. Knight,* 296 Ill. App. 277, in which an appeal was denied by the Supreme Court, and where the question arose as to whether the municipal court of Chicago had jurisdiction to enter a decree in a foreclosure proceeding. What we said in that case is controlling in disposing of the question of whether the municipal court has jurisdiction in equity matters. In quoting from the opinion it is necessary to do so at length. We there said:

''It is further suggested by the plaintiff that prior to the adoption of the Amendatory Act of 1931, there were many provisions contained in the original act which prescribed methods of practice which the judges were bound to follow, but after the adoption of the Amendatory Act in 1931, by the operation of Rule 311, which became effective on November 1, 1935, those provisions became ineffective except to the extent that

they were not in conflict with the rules adopted by the judges. Rule 311 provides as follows:

" 'The foregoing rules shall be treated as in lieu of all express provisions of the Act entitled "An Act in relation to a Municipal Court in the City of Chicago," approved May 18, 1905, as amended, prescribing the practice in said court as well as all other statutory rules of practice in conflict with said rules and shall then be in force from and after November 1935. . . . '

"Rule 1 of the Municipal Court provides as follows:

" 'Contract Actions, which shall include all actions on contracts, express or implied, whether implied in law or implied in fact, on which actions *ex contractu* for the recovery of money, only, could be maintained at common law, as well as all actions in which any equitable remedy or equitable relief is sought for the enforcement of demands for money or personal property, excepting actions hereinafter otherwise classified.' " And further:

"It has been suggested by the plaintiff that the note to Rule 1 must be treated as a part of the rule. It is in part as follows:

" 'Included in contract actions are not only common law actions *ex contractu,* but also actions for the recovery of money or personal property in which equitable remedies are sought such as actions to foreclose mortgages; to enforce vendors' or mechanics' liens; to correct mistakes in written instruments for the payment of money and enforce them as corrected; to enforce specific performance of contracts for the delivery of personal property, or for the purchase of personal property; to compel accountings; creditors' bills and all other action to recover money or personal property of which courts of equity have heretofore exercised concurrent jurisdiction with courts of law. The Municipal Court is limited in its jurisdiction to actions for the recovery of money or personal property only,

where no independent relief is sought, but for the purpose of recovering money or personal property and securing its payment or delivery to the plaintiff it may adopt equitable methods of procedure and enforce equitable rights, and may in any such actions give the defendant the benefit of equitable defenses.' '' And further:

"The municipal court was to have jurisdiction within a limited territory. It is, in effect, what also may be termed a court with limited jurisdiction, and, as stated by the Supreme Court in *Lott* v. *Davis,* 264 Ill. 272, was 'created, not as a part of the judicial department of the State at large, but as a local court of the city for the purpose of administering the law within the city.'

"It is apparent that the jurisdiction of the municipal court was fixed by the legislature and approved by referendum. It is also clear that the municipal court cannot confer jurisdiction by rules of court, and the purpose of the note to Rule 1, to which we have referred, was to add further jurisdiction in the trial of causes mentioned in this note to Rule 1.

"In this note, it is stated that included in contract actions are not only actions *ex contractu,* but also actions for the recovery of money or personal property in which equitable remedies are sought. The plaintiff claims that by the amendment to section 2, the legislature in 'all actions on contract, express or implied, whether implied in law or implied in fact,' granted jurisdiction, after approval upon a referendum, to foreclose mortgages, to enforce vendors' or mechanics' liens, and to correct mistakes in written instruments for the payment of money and enforce them as corrected. So it is evident by the adoption of Rule 1 the Municipal Court attempted to assume jurisdiction in the cases we have outlined, and further to assume jurisdiction in actions for accountings, creditors' bills

and in all other actions to recover money or personal property in which courts of equity have heretofore exercised concurrent jurisdiction with courts of law. As far as we are able to determine from the cited authorities, the Municipal Court cannot by rule enlarge its jurisdiction to try many of the cases that have been suggested by the plaintiff in the brief filed in this cause. And upon the subject of assuming jurisdiction, we find among the several cases cited that of *Ptacek v. Coleman,* 364 Ill. 618, in which the thought is expressed that the fact that a court of limited jurisdiction may exercise its discretion in the use of rules of practice of a court of general jurisdiction clearly does not substitute, nor authorize that court to substitute general jurisdiction for the limited jurisdiction specified by statute. The rules of the court of general jurisdiction are subject to use only in cases within the jurisdiction of the court of limited authority.''

We there held that section 2 of the act as amended, ch. 37 [Ill. Rev. Stat. 1937, § 357; Jones Ill. Stats. Ann. 108.028], relating to the municipal court, did not confer jurisdiction upon the municipal court to hear and determine matters involved in equity proceedings.

Another question in this case is whether the trial court erroneously refused to issue a writ of prohibition as prayed for by the petitioner. It has been decided by courts passing upon the subject that a ''writ of prohibition is an extraordinary writ issued out of a court of superior jurisdiction and directed to an inferior court for the purpose of preventing the latter tribunal from usurping jurisdiction of a matter with which it is not legally vested, and is used to keep inferior courts within limits and bounds prescribed by law.'' It is the rule that the writ will issue only upon the ground that it is a remedy provided to prevent an excess of jurisdiction, and cannot be entertained to take the place of a writ of error, where it is apparent

that the ground for error is excess of jurisdiction. It has been generally held that—"A writ of prohibition cannot be permitted to bring before the court what may properly be brought before a higher tribunal by a writ of error or *certiorari,* and can never be used as a process for the correction of errors in inferior tribunals where such tribunals have jurisdiction of the subject matter. Mere irregularities in the proceedings of inferior courts, or mistaken rulings on questions before such courts on matters within their jurisdiction, do not constitute a sufficient ground for granting the writ of prohibition, since such act would be the exercise of appellate power, which can only properly be adjudicated or determined on appeal or writ of error." And the above quoted holdings have been sustained in the case of *People ex rel. Graver v. Cook Circuit Court,* 173 Ill. 272. In that case the court said: "Wherever an inferior court has jurisdiction of a matter in controversy it is not within the province of a superior court to interfere, by prohibition, to correct errors or mistakes, but a party aggrieved must be left to pursue the ordinary remedies for the correction of errors."

The court further said:

"In this case a suit was brought in the circuit court of Cook county—a court of general jurisdiction—on a subject matter of which that court had jurisdiction. The contention of the relator is, that the count filed on the 10th day of June, 1895, was a count in trover and a waiver of the counts in assumpsit, and amounted to a discontinuance of the counts in assumpsit, and, upon its dismissal, no application being made to file additional counts, the court lost jurisdiction of the subject matter, and when the cause was proposed to be set down for hearing and a plea to the jurisdiction was filed, the court was usurping power in sustaining a demurrer to the plea. If the contention of the relator that the count filed on the 10th day of June was a count

in trover, and that such count was a discontinuance of the other counts, were admitted (which we do not hold to be true,) still the entire subject matter was within the jurisdiction and control of the circuit court of Cook county, and the most that could be claimed is, that there was an erroneous exercise of judgment and that a mistake was made. The writ of prohibition never was designed for the correction of such errors.''

While in the instant case the municipal court of Chicago has jurisdiction of the subject matter for recovery of moneys which may be due the plaintiff, still the defendant cannot by an action such as was instituted for the issuance of a writ of prohibition seek to prevent an excess of jurisdiction; nor could the writ take the place of a writ of error. The case in the municipal court has not been reached for trial, and we are not in a position to say that irregularities will take place in the proceedings, or that erroneous rulings will be made on questions of evidence.

The contention of the petitioner is that the action is one of accounting, but we cannot pass upon the rulings of the court at this time. If upon the trial the rulings are erroneous, an appeal may be taken, but as stated, we are not in a position to interfere by a writ of prohibition and correct errors or mistakes. The party aggrieved must be left to pursue the ordinary remedies for the correction of errors.

In view of the conclusions reached by us, we are of the opinion that the order of the court denying the petitioner the relief sought must be and is affirmed.

*Order affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.